GILDEA, Chief Justice (concurring).
I agree that the evidence supports LaPenotiere's conviction and would affirm. I write separately because in my view the definition of "school zone," Minn. Stat. § 152.01, subd. 14a(2), is not ambiguous as applied here. We reached a similar conclusion in State v. Carufel , in which we interpreted section 152.01's definition of "park zone." 783 N.W.2d 539, 543 (Minn. 2010). We held in Carufel that the statute was not ambiguous in that case, id. at 545, and I reach the same conclusion here.
Section 152.01's definition of "school zone" is identical in all relevant respects to the "park zone" definition we interpreted in Carufel . The statute defines "school zone" as "the area surrounding school property," and this area includes up to "one city block." Minn. Stat. § 152.01, subd. 14a(2). In other words, if the sale occurs on a block that surrounds school property, the sale occurred in a school zone. As the majority concludes, the drug sale at issue here occurred in a house that was on a block that was "kitty-corner" to the school property. Because blocks that are "kitty-corner" to the school property "surround[ ] school property," the sale here unambiguously occurred in a school zone and the conviction must be affirmed.
The majority concludes that the statute is ambiguous as applied here because the statute includes concepts of distance and area. And the majority notes that a block could be either a measure of distance or an area. But we have already decided that the term "one city block," as used in another section of this statute "includes the entire area of the block." Carufel , 783 N.W.2d at 545 (interpreting definition of "park zone" in Minn. Stat. § 152.01, subd. 12a ). Relevant dictionary definitions confirm this interpretation. The American Heritage Dictionary of the English Language 197 (5th ed. 2011) (defining "block" as "[a] segment of a street bounded by consecutive cross *362 streets and including its buildings and inhabitants " (emphasis added) ); Webster's Third New International Dictionary 235 (2002) (defining "block" as "an area of land"). Given our decision in Carufel and these dictionary definitions, any reading of "one city block" as encompassing only a distance between two blocks, and not the area within the block, is simply not reasonable.[1]
Because there is only one reasonable interpretation of the statute, it is not ambiguous in my view. Based on the unambiguous language of the statute, I would affirm.

The majority contends that my conclusion "ignores language in the Carufel opinion plainly stating that a 'block' was both an area and a distance." I disagree. The footnote the majority quotes does not conclude that the statute is ambiguous even though the statute uses concepts of distance and area. See 783 N.W.2d at 544 n.2. Just as we concluded in Carufel , I conclude that the statute is not ambiguous as applied here. See id. at 545.